**EXHIBIT "A"**

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: Columbia

# CIVIL COMPLAINT

**Magisterial District Number**

District Court 26-2-01
The Honorable Russell L. Lawton
700 Sawmill Road
Suite 102
Bloomsburg, PA 17815

**PLAINTIFF:** NAME and ADDRESS

Gerald Riviello, Jr., 428 Hickory St, Rear, Peckville, PA 18452; and Donald Louis Marvin, 524 Independence Rd, East Stroudsburg, PA 18301

VS.

**DEFENDANT:**
FNB Bank, N.A.
354 Mill Street
Danville, PA, 17821
and
Fulton Bank
555 Willow Street
Lebanon, PA  17042
and
Fulton Financial Corporation
One Penn Square
P.O. Bos 4887
Lancaster, PA  17604

Docket No.: CV-0000351-11
Date Filed: 10/3/11

| | AMOUNT | DATE PAID |
|---|---|---|
| FILING COSTS | $ 102.00 | / / |
| POSTAGE | $ 33.00 | / / |
| SERVICE COSTS | $ | / / |
| CONSTABLE ED. | $ | / / |
| TOTAL | $ 135.00 | 10/ 4 /11 |

Pa.R.C.P.D.J. No. 206 sets forth those costs recoverable by the prevailing party.

**TO THE DEFENDANT:** The above named plaintiff(s) asks judgment against you ~~for $ 3,401.00~~ together with costs upon the following claim (Civil fines must include citation of the statute or ordinance violated):

+ $135.00 = $3,536.00
COSTS

>>>>>>>CONT NEXT PAGE>>>>>>>

Plaintiff is a "consumer" within the meaning of 15 U.S.C. 1693 et seq. and the implementing regulations there under (the "Electronic Fund transfer Act" or "EFTA"). Within the applicable statute of limitations prior to the commencement of this action, Plaintiff (s)initiated an electronic fund transfer at an automated teller machine operated by the Defendant(s), as described in the attached exhibits.

Defendant(s) is the "automated teller machine operator" of the ATM, within the meaning of the EFTA. The machine in question was located 37 West Main Street, Bloomsburg, PA. Defendant failed to post the required notice in a prominent and conspicuous location on or at the ATM as required pursuant to the Electronic Fund Transfer Act. Defendant(s) did post an external fee notice, but failed to post it clear and conspicuously. Plaintiff's could not view the external fee notice prior to using the ATM machine and were charged a fee to use the machine. Plaintiffs did not receive the proper external notice that a fee would be imposed for concluding the electronic fund transfer. Plaintiff(s) concluded the electronic fund transfer and their account was debited for the usage fee. Pursuant to the EFTA, "An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer shall... Provide notice that a fee will be imposed for providing electronic fund transfer services... and... Disclose the amount of the fee." The external fee notice must be clear and conspicuously posted. This requirement is in addition to any requirement that notice must be provided on the screen of the automated teller machine. See 12 C.F.R. §205.16(b).

Both Plaintiffs suffer from physical disabilities which impair their abilities to view Defendant(s)' obscured fee notices. An average person not handicapped or impaired would also have difficulty viewing the obscured external fee notice.

Defendant(s) violated EFTA by failing to adequately disclose the transaction fee as required by law. Due to Defendant's violation of EFTA, Plaintiff has suffered damages. Defendant's non-compliance with the applicable EFTA provisions is frequent, persistent and intentional. Defendant, in bad faith, to date continues to fail to comply with the applicable EFTA provisions.

WHEREFORE, Plaintiffs demand statutory damages of $1,000 for each Plaintiff. Plaintiff's demand attorney fees of no less than $1,400.00; attorney fees are no less than $1,400 based on time put into the case including client consultation, drafting of complaint, travel and follow up with Defense. Plaintiffs demand $3.00 actual damages per plaintiff. Plaintiffs demand Judgment in the amount of $4,406.00, plus costs and attorney's fees.

I, Vicki Piontek _____ verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) related to unsworn falsification to authorities.

_____
(Signature of Plaintiff or Authorized Agent)

Plaintiff's
Attorney: Vicki Piontek, Supreme Court ID 83559

Address: Piontek Law Office
951 Allentown Road, Lansdale, PA 19446

Telephone: (877)737-8617

IF YOU INTEND TO ENTER A DEFENSE TO THIS COMPLAINT, YOU SHOULD SO NOTIFY THIS OFFICE IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER. YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five (5) days before the date set for the hearing.

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF COLUMBIA



# Civil Action Hearing Notice

| | |
|---|---|
| Mag. Dist. No: | MDJ-26-2-01 |
| MDJ Name: | Honorable Russell L. Lawton |
| Address: | 700 Sawmill Road, Suite 102<br>Bloomsburg, PA 17815 |
| Telephone: | 570-784-1868 |

FNB Bank, N.A.
354 Mill Street
Danville, PA 17821

GERALD RIVIELLO Jr., Donald L. Marvin
v.
FNB Bank, N.A., Fulton Bank, Fulton Financial Corporation

Docket No: MJ-26201-CV-0000351-2011
Case Filed: 10/3/2011

**Notify This Office IMMEDIATELY If You Intend To Appear For The Hearing**

A civil complaint has been filed against you in the above captioned case.

A Civil Action Hearing has been scheduled to be held on/at:

| | |
|---|---|
| Date: Tuesday, November 1, 2011 | Place: Magisterial District Court 26-2-01<br>700 Sawmill Road, Suite 102<br>Bloomsburg, PA 17815<br>570-784-1868 |
| Time: 9:00 AM | |

## Notice To Defendant

If you intend to enter a defense to this complaint, you should so notify this office immediately at the above telephone number.

You must appear at the hearing and present your defense. Unless you do, judgment may be entered against you by default.

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

Pursuant to Pa.R.C.P.D.J. No. 342(B)(2), no claim by the defendant will be permitted in a supplementary action filed for failure of judgment creditor to enter satisfaction.

## Notice To Plaintiff

Pursuant to Pa.R.C.P.D.J. No. 318, you or your attorney will be notified if the defendant gives notice of his/her intention to defend.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.